IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LEONARDO LARCK,                )
                               )
    Petitioner,                )
                               )
v.                             )      CASE NOS. CR415-027
                               )                CV418-178
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )
                               )

## ORDER

Before the Court is the Magistrate Judge's June 30, 2021 Report and Recommendation (Doc. 24), to which Petitioner has filed objections (Doc. 27).[1] After careful de novo review of the record, Petitioner's objections are **OVERRULED** and the report and recommendation (Doc. 24) is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1) is **DENIED**. The Court will briefly address Petitioner's objections.[2]

I. PETITIONER WAS NOT PREJUDICED

First, Petitioner objects to the Magistrate Judge's conclusion that he has failed to demonstrate the prejudice

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV418-178.
[2] The Court incorporates by reference the procedural history of this case set forth in the report and recommendation. (Doc. 24 at 1-7.)

required to successfully bring a claim for ineffective assistance of counsel. (Doc. 27 at 1-3.) As the Magistrate Judge correctly observed, Petitioner must satisfy the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984) to prevail on his ineffective assistance of counsel claim, which requires that Petitioner show his counsel performed deficiently and that counsel's deficiency prejudiced Petitioner. See Carmichael v. United States, 966 F.3d 1250, 1258 (11th Cir. 2020). Because Petitioner claims his counsel was ineffective during the plea negotiation process, to demonstrate prejudice

> he must show that, but for the ineffective assistance of counsel, a reasonable probability existed that: (1) the plea offer would have been presented to the court (i.e. the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) under the offer's terms, the conviction or sentence, or both, would have been less severe than under the judgment and sentence that were, in fact, imposed.

Id. at 1259 (citing Lafler v. Cooper, 566 U.S. 156, 164, 132 S. Ct. 1366, 1385, 88 L. Ed. 2d 203 (1985)).

Petitioner claims that he suffered prejudice when his trial counsel failed to present a counteroffer to the Government after the Government presented Petitioner with a plea offer. (Doc. 1 at 7; Doc. 11 at 1-2.) Specifically,

Petitioner avers that, had the Government received and rejected his counteroffer, Petitioner would have accepted the Government's original plea offer of 120 months. (Doc. 11 at 1-2.) In the Court's opinion, Petitioner cannot demonstrate that he suffered prejudice based on his trial counsel's failure to present a counteroffer to the Government. Aside from his own affidavit, Petitioner has offered no evidence that, had the Government rejected his counteroffer, he would have actually accepted the Government's original plea offer. See Carmichael, 966 F.3d at 1263 ("[A]side from his own conclusory statements and self-serving protestations at the evidentiary hearing, [the petitioner] did not offer any testimony or evidence indicating that he would have actually accepted an offer that required him to serve a twenty-year sentence."); Anderson v. Sec'y, Fla. Dep't of Corr., No. 3:18-cv-648-MMH-JRK, 2021 WL 3055008, at *9 (11th Cir. July 20, 2021) ("[Petitioner's] conclusory assertion that he would have accepted the State's open plea offer to second degree murder, without more, is insufficient to satisfy the first prong of the prejudice test.").

Additionally, Petitioner's presentation of the sequence of events depends upon his speculation that the Government's original offer would have been maintained in response to Petitioner's counteroffer. (See Doc. 27 at 3 (claiming he

3

would have accepted the Government's offer **if** the terms remained the same after the Government refused his counteroffer).) In other words, Petitioner speculates that the Government would not have revoked its original plea offer after Petitioner presented a counteroffer. Such speculative reasoning is insufficient to establish prejudice. See Cook v. United States, 613 F. App'x 860, 865-866 (finding no prejudice where movant's assertion that he would have accepted a plea deal was speculative and unsupported by the record).

Moreover, as highlighted by the Magistrate Judge, the record indicates that the Government made a second plea offer to Petitioner the day trial began and that Petitioner also rejected that offer. (Doc. 24 at 12; Doc. 1 at 15.) Although Petitioner argues that his rejection of the second plea offer is insufficient to show that he would not have accepted the Government's first plea offer because the second offer was for 180 months, Petitioner does not provide any support for this contention. Petitioner's rejection of the Government's first and second plea offer and his failure to express to the Government or to the trial judge that he desired to plea indicates that Petitioner had no intention of accepting a plea at that time. See Rosin v. United States, 786 F.3d 873, 879 (11th Cir. 2015) (stressing that the record evidence showing that the defendant "had absolutely no interest in"

4

pleading guilty contradicted his later claim that he would have done so). Therefore, Petitioner cannot show that, but for his counsel's performance, the Government's first plea offer would have been presented to the court. Carmichael, 966 F.3d at 1258.

II. PETITIONER'S REHAIF CLAIM IS PROCEDURALLY BARRED

Next, Petitioner objects to the Magistrate Judge's conclusion that his Rehaif claim is procedurally barred. (Doc. 27 at 3.) Petitioner contends that, although his claim is barred, he can establish cause and prejudice sufficient to cure the default. (Id.) The Magistrate Judge considered the requirements for cause and prejudice sufficient to cure a procedural default and determined that Petitioner could not meet them in this case. (Doc. 24 at 18-22.) Petitioner argues that he has demonstrated cause because Rehaif "is responsible for overturning the longstanding and widespread practice of interpreting § 922(g) to not require proof that the defendant knew of his or her prohibited status at the time of the firearm possession." (Doc. 27 at 4.) This argument, however, fails because the Eleventh Circuit has acknowledged that "Rehaif is not 'truly novel' in the sense necessary to excuse procedural default." United States v. Innocent, 977 F.3d 1077, 1084 (11th Cir. 2020) (citing United States v. Bane, 948 F.3d 1290, 1296-97 (11th Cir. 2020)).

5

"The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available to counsel." Bane, 948 F.3d at 1296-97 (quotations omitted). "[T]he building blocks for [a Rehaif] claim were available" and "Petitioner points to nothing that prevented him from raising what may have seemed at the time to be a losing argument." Trivar Marquette Scriven v. United States of America, No. CV 121-022, 2021 WL 3614404, at *6-7 (S.D. Ga. July 20, 2021) (rejecting Petitioner's argument that his Rehaif claim was not procedurally barred). As the Eleventh Circuit has explained, Rehaif "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)." In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Accordingly, Petitioner has not shown cause or prejudice sufficient to excuse the procedural default.

III. PETITIONER'S REHAIF CLAIM IS MERITLESS

Finally, Petitioner objects to the Magistrate Judge's recommendation that, procedural default notwithstanding, his motion fails because the record demonstrates that he knew he was a felon when he possessed the firearm forming the basis

6

of his conviction. (Doc. 27 at 5-6.) Petitioner argues that the record demonstrates he was previously convicted of a felony, but not that he was aware of his prior conviction at the time he possessed the firearm. (Id. at 6.) As the Magistrate Judge highlighted, however, the record demonstrates that Petitioner never contested his felon status. (Doc. 25 at 23.) Even now, Petitioner does not challenge his felon status, instead he argues that the record fails to demonstrate that he **knew** he was a felon at the time he possessed the firearm. (Doc. 27 at 5-6.) The Eleventh Circuit has been confronted with similar arguments and rejected them, finding that "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." Innocent, 977 F.3d at 1082. Petitioner had two prior felony convictions that the Government intended to introduce at trial, and he stipulated to having a prior felony conviction for purposes of trial. Accordingly, the record demonstrates that Petitioner likely knew he was a felon at the time he possessed the firearm. See United States v. McLellan, 958 F.3d 1110, 1119 (11th Cir. 2020) ("Where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a Rehaif error does not affect his substantial rights."). As a result, Petitioner's Rehaif argument fails.

Therefore, after a careful de novo review of the record, Petitioner's objections are **OVERRULED** and the report and recommendation (Doc. 24) is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1) is **DENIED**.

Applying the Certificate of Appealability ("COA") standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872 at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 27th day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA